# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**FILED**

March 27, 2013
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**JAMES M. HIROSKEY II,**
**Claimant Below, Petitioner**

**vs.)    No. 11-0957** (BOR Appeal No. 2045289)
                        (Claim No. 2009069113)

**WEST VIRGINIA OFFICE OF**
**INSURANCE COMMISSIONER**
**Commissioner Below, Respondent**

**and**

**BABCOCK & WILCOX CONSTRUCTION COMPANY,**
**And THE HIROSKEY CORPORATION,**
**Employers Below, Respondent**


## MEMORANDUM DECISION

Petitioner James M. Hiroskey II, by Anne Wandling, his attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. Babcock & Wilcox Construction Company, by Gary Nickerson and James Heslep, its attorneys, filed a timely response.

This appeal arises from the Board of Review's Final Order dated May 26, 2011, in which the Board modified a November 15, 2010, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges modified the claims administrator's November 27, 2008, decision rejecting the claim for workers' compensation benefits. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

1

Mr. Hiroskey was working as a pipefitter for Babcock & Wilcox Construction when he alleged that he suffered an injury to his back. He had also suffered an injury to his back in 2005 while working for the Hiroskey Corporation. The claims administrator denied Mr. Hiroskey's claim for workers' compensation benefits on November 27, 2008, finding that an injury did not occur in the course of or as a result of his employment. The Office of Judges modified the claims administrator's Order, and held that the November 12, 2008, incident was actually a progression or aggravation of the previous work-related injury.

The Board of Review modified the Office of Judges' Order and held that Mr. Hiroskey was not entitled to additional benefits in the 2005 claim due to his involvement in workers' compensation fraud. Mr. Hiroskey pled guilty to workers' compensation fraud in a claim involving a back injury on September 9, 2005. The Office of Judges concluded that the evidence established that the incident on November 12, 2008, was actually a progression or aggravation of that back injury from 2005, rather than a new injury. The Board of Review agreed with the conclusion of the Office of Judges. However, as the Board of Review noted, under West Virginia Code § 61-3-24f(4) (2005), a person who is convicted of workers' compensation fraud shall no longer receive any compensation as a result of any alleged injury or disease. Therefore, the Board of Review found that any benefits Mr. Hiroskey would have received as a result of the progression or aggravation of the September 9, 2005, injury are barred. We agree with the reasoning and conclusions of the Board of Review.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED:  March 27, 2013**

**CONCURRED IN BY:**
Chief Justice Brent D. Benjamin
Justice Robin J. Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II

2